IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANIE HAWKINS and JILLIAN BARNETT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELL PATH, LLC,<br><br>Defendant. | Civil Action No. 19-cv-08969-VB<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Janie Hawkins ("Ms. Hawkins") and Jillian Barnett ("Ms. Barnett") (collectively the "Plaintiffs"), on behalf of themselves and all others similarly situated, allege the following upon information and belief against Well Path, LLC ("Well Path" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiffs bring this Complaint to: (1) stop Defendant's practice of placing calls and sending text messages using an automatic telephone dialing system ("ATDS") to the landline telephones and cellular telephones of consumers nationwide without their prior express written consent; (2) stop Defendant's practice of placing calls and sending text messages using an artificial or prerecorded voice or message to the landline telephones and cellular telephones of consumers nationwide without their prior express written consent; (3) enjoin Defendant from continuing to place calls or send text messages using an ATDS to consumers who did not provide their prior express written consent to receive them; and (4) obtain redress for all persons injured by its conduct.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28

U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed Class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

2. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

3. This Court has personal jurisdiction over Defendant because Defendant's wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## **PARTIES**

5. Plaintiff Janie Hawkins is, and at all times mentioned herein was, a resident of Spring Valley, New York, and a citizen of the State of New York.

6. Plaintiff Jillian Barnett is, and at all times mentioned herein was, a resident of Miami-Dade County, Florida, and a citizen of the State of Florida.

7. Defendant Well Path, LLC is a corporation organized under the laws of Tennessee, with a principal place of business at 1283 Murfreesboro Road, Nashville, Tennessee 37217. Well Path conducts business in this District and throughout the United States.

## FACTS COMMON TO ALL CAUSES OF ACTION

A.     The TCPA Of 1991

8.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The same section forbids making calls using an "artificial or prerecorded voice." *Id.*

10.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

11.     The FCC has also ruled that consumers are entitled to the same protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has subsequently confirmed that the prohibition on using automatic telephone dialing systems to make calls to wireless phone numbers applies to text messages (e.g. phone-to-phone [short message service]), as well as voice calls.") (internal quotations omitted).

**B. Defendant's Calls and Text Messages To Plaintiffs And Class Members**

<u>Plaintiff Hawkins</u>

12. In or about February 2019, Ms. Hawkins received calls on both her landline telephone and cellular telephone from Defendant (the "Calls"). Ms. Hawkins' landline telephone number is (845) 425-0551. Ms. Hawkins' cellular telephone number at the time of the first call was (845) 608-6068.

13. The Calls described a job opportunity at Well Path and gave Ms. Hawkins the option to inquire further about the opportunity.

14. Additionally, in or about February 2019, Ms. Hawkins received a text on her cellular telephone from Defendant (the "Hawkins Text"). Ms. Hawkins' cellular telephone number at the time of the first Hawkins Text was (845) 608-6068.

15. The Hawkins Text also described a job opportunity at Well Path and gave Ms. Hawkins the option to inquire further about the opportunity.

16. Ms. Hawkins received the Hawkins Text within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

17. Upon information and belief, both the Calls and the Hawkins Text originated from a telephone number owned and operated by Defendant.

18. Defendant sent the Calls and the Hawkins Text using an automatic telephone dialing system ("ATDS") without obtaining Ms. Hawkins' prior express written consent.

19. When Ms. Hawkins answered Defendant's calls, she heard a momentary pause. Further, the Hawkins Text was impersonal and generic. Both are hallmarks of an ATDS.

20. Prior to the calls and text messages at issue in this action, Ms. Hawkins had no contact with Defendant. She has never consented in writing, or otherwise, to receive autodialed or prerecorded calls or text messages from Defendant.

21. Defendant has continued to make numerous calls and send numerous text messages to Ms. Hawkins' landline telephone and cellular telephone.

Plaintiff Barnett

22. On or about February 4, 2019, Defendant sent the following telemarketing text message (the "Barnett Text") to Ms. Barnett's cellular telephone number (786) 457-0708 (the "0708 Number"):





5

23. The Barnett Text message was transmitted to Ms. Barnett's cellular telephone, and within the time frame relevant to this action.

24. The Barnett Text message constitutes telemarketing because it encouraged the future purchase or investment in property, goods, or services, i.e., soliciting Ms. Barnett's to inquire about jobs with the Defendant.

25. The Barnett Text message constitutes dual purpose telemarketing because among other things it inquires about Ms. Barnett's employment plans and is sent with the intent to solicit Ms. Barnett's to use Defendant's staffing services.

26. In short, The Barnett Text message constitutes telemarketing because it ultimately leads to the promotion of goods or services even though a portion of the text messages discuss potential employment opportunities.

27. The information contained in The Barnett Text message advertises Defendant's "Great pay & Benefits," which Defendant sends to promote its business.

28. Prior to The Barnett Text message at issue in this action, Ms. Barnett had no contact with Defendant. She has never consented in writing, or otherwise, to receive autodialed text messages from Defendant.

29. Ms. Barnett is the subscriber and sole user of the 0708 Number, and is financially responsible for phone service to the 0708 Number.

30. The Barnett Text message originated from telephone number 508-257-7736, a number which upon information and belief is owned and operated by Defendant.

31. The number used by Defendant (508-257-7736) is known as a "long code," a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized and sent from a telephone number operated by an individual.

6
Case 3:20-cv-00657   Document 17   Filed 12/27/19   Page 6 of 14 PageID #: 56

Automatic Telephone Dialing Systems

32. According to the Federal Communications Commission and experts on telecommunications equipment, an ATDS has the inherent present capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then text those numbers.

33. The momentary pause upon answering Defendant's telephone calls demonstrates that Defendant utilized an ATDS when making marketing telephone calls.

34. The impersonal and generic nature of Defendant's text messages demonstrates that Defendant utilized an ATDS in transmitting the messages. *See Jenkins v. LL Atlanta, LLC*, No. 1:14-cv-2791-WSD, 2016 U.S. Dist. LEXIS 30051, at *11 (N.D. Ga. Mar. 9, 2016) ("These assertions, combined with the generic, impersonal nature of the text message advertisements and the use of a short code, support an inference that the text messages were sent using an ATDS.") (citing *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff alleged facts sufficient to infer text messages were sent using ATDS; use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding it "plausible" that defendants used an ATDS where messages were advertisements written in an impersonal manner and sent from short code); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130; *Robbins v. Coca-Cola Co.*, No. 13-CV-132-IEG NLS, 2013 U.S. Dist. LEXIS 72725, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)).

35. Long codes work as follows: Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic. These SMS gateway providers send and receive SMS traffic to and from the mobile phone

networks' SMS centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of SMS messages to and from a long code.

36. Specifically, upon information and belief, Defendant utilized a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized by Defendant have the capacity to store telephone numbers using a random or sequential generator, and to dial such numbers without human intervention.

37. Defendant's unsolicited text messages caused Plaintiffs actual harm, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiffs and caused disruption to their daily life.

38. Upon information and belief, Defendant made similar calls and sent similar text messages using the ATDS to a large number of consumers.

39. Defendant knowingly sent (and continues to send) autodialed and prerecorded calls and text messages to the landline telephones and cellular telephones of consumers without the prior express written consent of the call and text recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

40. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated.

41. Plaintiffs propose the following Class definition:

> All persons within the United States who (a) received a call on his or her landline telephone and/or cellular telephone; (b) received a text message on his or her cellular telephone; (c) made by or on

behalf of Defendant; (d) without giving prior express written consent to Defendant; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

42. Plaintiffs represent, and are members of, this proposed Class. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

43. **Numerosity.** Plaintiffs do not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

44. **Existence and predominance of common questions of law and fact.** Plaintiffs and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls and text messages, and violations of their statutory rights.

45. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a plethora of identical suits.

46. The proposed Class can be easily identified through records maintained by Defendant.

47. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

a. Whether Defendant made calls and sent text messages to Plaintiffs and class members using an ATDS and/or an artificial or prerecorded call and text message without their prior express written consent;

b. Whether Defendant's conduct was knowing and/or willful;

c. Whether Defendant is liable for damages, and the amount of such damages; and

d. Whether Defendant should be enjoined from engaging in such conduct in the future.

48. **Typicality.** Plaintiffs assert claims that are typical of each member of the Class because they are all persons who received calls or text messages on their landline telephones or cellular telephones using an ATDS without their prior express written consent. Plaintiffs will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

49. **Adequacy of Representation.** Plaintiffs will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Class.

50. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

51. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

52. Classwide relief is essential to compel Defendant to comply with the TCPA.

53. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

54. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls and text messages at issue are all automated and the members of the Class, by definition, did not provide the prior express written consent required under the statute to authorize calls and text messages to their landline telephones or cellular telephones.

55. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

56. Moreover, upon information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq.*

57. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

58. The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

59. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call or text message sent in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

60. Plaintiffs and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

61. Plaintiffs and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

62. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

63. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

64. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call or text message made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

65. Plaintiffs and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

66. Plaintiffs and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class treble

damages, as provided by statute, of up to $1,500.00 for each and every call or text message that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed Class $500.00 in statutory damages for each and every call or text message that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firm representing Plaintiffs as counsel for the Class;

f. Such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable as of right.

Dated: December 27, 2019

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*
Philip L. Fraietta

Joseph I. Marchese
Philip L. Fraietta
888 Seventh Ave.
New York, NY 10025
Telephone: (646) 837-7142
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
pfraietta@bursor.com

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.*
Florida Bar No. 0100537
David M. Sholl, Esq.*
Florida Bar. No. 114791
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
Telephone: 305-975-3320
scott@edelsberglaw.com
david@edelsberglaw.com
*Pro Hac Vice Forthcoming

**SHAMIS & GENTILE, P.A.**
Andrew Shamis, Esq.*
Florida Bar No. 101754
14 N.E 1st Ave Ste. 1205
Miami, FL 33132
Telephone: 305-479-2299
*Pro Hac Vice Forthcoming

*Attorneys for Plaintiffs*